UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ERIC MATTHEW DEPREZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:20-cv-00354 |
| KILOLO KIJAKAZI, Acting Commissioner Of Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 29) recommending that the Court deny Eric DePrez's Motion for Judgment on the Administrative Record (Doc. No. 25) and affirm the decision of the Social Security Agency Commissioner (the "Commissioner").[1] DePrez has filed objections and the Commissioner has filed a response. (Doc. Nos. 30, 31). For the following reasons, Plaintiff's objections will be overruled, and the R&R will be approved and adopted.

**I. BACKGROUND**

The Magistrate Judge has carefully recounted the factual background and procedural history of this case, and the Court need not recite it in depth here. (Doc. No. 29 at 1–3). In short, DePrez filed an application for Title II Disability Insurance Benefits ("DIB"), claiming he had been disabled and unable to work since November 2, 2013 due to PTSD, depression, and anxiety. (Id. at 1). The ALJ determined that DePrez "was not disabled within the meaning of the Social

---

[1] When DePrez originally brought this action, Andrew Saul was Commissioner of the Social Security Administration. However, on July 9, 2021, Kilolo Kijakazi assumed the role in an acting capacity. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kijakazi for Saul. See Fed. R. Civ. P. 25(d).

Security Act and Regulations." (Id. at 2; see also Doc. No 23 at 12–25). Specifically, the ALJ found that DePrez (1) "did not engage in substantial gainful activity" during the relevant time period; (2) that he "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments"; and (3) that several jobs existed that DePrez "could have performed." (Id. at 2; see also Doc. No. 23 at 17–25; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 404.1569). DePrez filed this action after the Appeals Council declined his request to review the ALJ's decision. (Doc. No. 29 at 3; see also Doc. No. 23 at 4).

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. Where, as here, a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

In social security cases under Title II, the Court's job is "only to ensure that the Commissioner's determination is supported by substantial evidence." Hizer v. Comm'r of Soc. Sec., __ F. App'x __, 2021 WL 1614827, at *4 (6th Cir. Apr. 26, 2021) (internal citations omitted); see also Kemp v. Saul, No. 3:19-cv-00431, 2020 WL 6305566, at *1–*2 (M.D. Tenn. Oct. 28, 2020). "Under the 'substantial evidence' standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." Kemp, 2020 WL 6305566, at *2 (citing Biestek v. Berryhill, 129 S. Ct. 1148,

2

1154 (2019)). Whether an ALJ's decision is supported by "substantial evidence" is not a high bar and likely amounts to "less than a preponderance of the evidence." Brown v. Comm'r of Soc. Sec., 814 F. App'x 92, 95 (6th Cir. 2020) (quoting Biestek, 139 S. Ct. at 1154). And "if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." Jones v. Berryhill, 392 F. Supp. 3d 831, 838 (M.D. Tenn. 2019) (internal citations and quotations omitted).

## III. ANALYSIS

After explaining the appropriate legal standards under 42 U.S.C. § 405(g), the Magistrate Judge concluded that the ALJ properly considered and weighed the opinion evidence from DePrez's treating providers. (Doc. No. 29 at 8–16). The R&R also concluded that the ALJ properly credited DePrez's subjective statements regarding his limitations, finding that his allegations were inconsistent with other record evidence. (Id. at 16–19). In sum, the Magistrate Judge found that the ALJ's conclusions were supported by "substantial evidence and the decision to not accord full credibility to [DePrez's] allegations was proper." (Id. at 20).

DePrez's objections fall under two categories: (1) the record does not support the Magistrate Judge's finding that the ALJ properly weighed opinion evidence; and (2) the Magistrate Judge "erred" in concluding that the ALJ properly considered his subjective statements. (Doc. No. 30 at 1–5). Because the Court reviews the objections *de novo*, the Court will focus on the legal standard the ALJ applied rather than just the R&R's adoption of those standards. See Hill, 656 F.2d at 1215.

### A. Whether the ALJ Properly Weighed Opinion Evidence

DePrez argues that the Magistrate Judge misapplied the legal standard as to whether the ALJ properly weighed opinion evidence. (Doc. No. 30 at 1). The Magistrate Judge concluded that, pursuant to new regulations, the ALJ "does not have to consider the disability determination made

3

by the VA," and does not have to provide additional analysis beyond considering the medical opinion evidence on the record. (Doc. No. 29 at 13). DePrez argues that the Magistrate Judge should have concluded that the ALJ was required to do more than generally discuss "medical evidence provided by the VA" without engaging in any "meaningful discussion" as to whether she found it persuasive. (Doc. No. 30 at 2–3). DePrez argues that the ALJ should have more fully explained her reasoning and should have discussed "the specific limitations which [were] found therein." (Id.).

But DePrez's arguments are not compelling because the ALJ applied the correct legal standard to both medical opinions and VA records. Under the operative regulations, the ALJ is to evaluate the persuasiveness of medical opinions in light of five factors, including supportability and consistency, rather than give them specific evidentiary weight. See 20 C.F.R. § 404.1520c(a)-(c); see also Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247–48 (6th Cir. 2007). Although the ALJ is required to "articulate . . . how persuasive" she finds the medical opinions, such a responsibility is limited. See id. § 404.1520c(b)(2). The ALJ is only required to "explain how [she] considered the supportability and consistency factors for . . . medical opinions." Id.; see also Herndon v. Comm'r of Soc. Sec., No. 20-6094, 2021 U.S. App. LEXIS 15178, at *13 n. 4 (6th Cir. May 20, 2021).

Here, the ALJ did just that by concluding that the medical opinions were "well supported by the objective medical evidence." See Doc. No. 23 at 26. In particular, the ALJ found that "[t]he medical consultants reviewed longitudinal medical treatment, clinical findings, and reports of daily activities," and that the "record contains no evidence or opinion that is inconsistent with these findings, other than the allegations made by" DePrez. (Id.). The ALJ is permitted to, as here, give the opinion evidence whatever weight it deems appropriate. See Hizer, 2021 WL 1614827, at *4

4

(citing Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006)). As the Magistrate Judge pointed out, the ALJ applied the appropriate legal standard and "had properly evaluated the consistency and supportability of a medical opinion." (Doc. No. 29 at 14–15).

Nor is DePrez's argument compelling with respect to the ALJ's finding that the VA's disability determination was unpersuasive without additional explanation. (See Doc. No. 30 at 1–2). As the Magistrate Judge pointed out, the regulations state that the ALJ is not required to "provide any analysis in [her] determination or decision about a decision made by any other governmental agency" with respect to a disability determination. (Doc. No. 29 at 12); see also 20 C.F.R. § 404.1504; § 404.1520b(c). Invoking these regulations, the ALJ accurately opined that the VA's disability ratings are "inherently neither valuable nor persuasive." (Doc. No. 23 at 26). Once again, the Court's role is not to disturb the ALJ's judgment, provided that it incorporated the appropriate legal standard and was well supported. See Hizer, 2021 WL 1614827, at *4.

Accordingly, having thoroughly reviewed the record, relevant regulations, and case law, the Court concludes that the ALJ applied the correct legal standards in its determinations regarding medical opinions and VA disability determination. DePrez's objection on this ground will be overruled.

B. Whether the ALJ Properly Considered DePrez's Subjective Statements

DePrez next argues that the ALJ failed to properly consider his subjective statements. (See Doc. No. 30 at 4–5). Specifically, he argues that the ALJ should have examined "not only whether the claimant has some ability to do things, but whether these things relate to the work function and whether they could be sustained in a manner consistent with public work." (Id. at 5). According to DePrez, the ALJ also failed to explain how the activities it considered were "consistent with medical opinions about [his] limitations, how [his] activities supported or did not support any

5

particular medical condition." (Id.). But these arguments are unavailing, as the ALJ's decision was well-reasoned and in accord with what the law requires.

To determine whether a claimant is disabled, the ALJ considers a claimant's "medical history, the medical signs and laboratory findings, and" subjective statements about how a claimant's symptoms affect them. 20 C.F.R. § 404.1529(a); see also Perry v. Comm'r of Soc. Sec., 734 F. App'x 335, 340 (6th Cir. 2018). The ALJ must then "determine the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how [the claimant's] symptoms affect [their] ability to work." Id. Several factors are relevant to the ALJ's analysis of a claimant's subjective statements, including: "(i) [A claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [a claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [to alleviate pain]; (v) treatment . . . [a claimant] receive[s] . . . ; (vi) Any measures [a claimant] use[s] to relieve . . . pain . . .; [and] (vii) Other factors concerning [a claimant's] functional limitations and restrictions due to pain or other symptoms." (Id. § § 404.1529(c)); see also Beaty v. Comm'r of Soc. Sec., No. 19-6310, 2020 U.S. App. LEXIS 29881, at *11–*12 (6th Cir. Sept. 17, 2020). Here, DePrez claimed several subjective limitations, including nightmares, flashbacks, poor sleep, social interaction issues, and lack of concentration. (See Doc. No. 23 at 24–25).

However, the ALJ's analysis does not end there because "[s]ubjective complaints of pain alone do not support a disability finding." Andres v. Comm'r of Soc. Sec., 733 F. App'x 241, 248 (6th Cir. 2018) (citing 20 C.F.R. § 404.1529). In considering the above factors and a claimant's subjective statements, the ALJ also must consider "whether there are any inconsistencies in the

evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence," including the claimant's subjective statements. 20 C.F.R. § 404.1529(c)(4); see also Joseph v. Comm'r of Soc. Sec., 741 F. App'x 306, 312 (6th Cir. 2018). Here, the ALJ found that the "functional restrictions alleged by the claimant are not entirely consistent with the evidence, as they are found to be disproportionate to the clinical findings and activities of daily living." (Doc. No. 23 at 26). In finding these inconsistencies, the ALJ voluminously recited DePrez's subjective statements along with conflicting evidence on the record. (Id. at 24–25). For example, the ALJ found that many of DePrez's issues surrounding sleep and concentration were either denied elsewhere on the record or contributed to, in part, by DePrez's childcare and other responsibilities. (Id.). And although the ALJ recognized that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" outlined in DePrez's subjective statements, the ALJ appropriately concluded that his "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Id. at 24); see also Joseph, 741 F. App'x at 312 (noting that the Sixth Circuit has "upheld ALJ decisions based on similar discounting of the reliability of a claimant's testimony . . . when an ALJ finds contradictions . . . .").

The various inconsistencies highlighted on the record substantiated the ALJ's conclusion that a moderate, rather than functional limitation existed, based on the "totality of the evidence." (Id. at 26). The ALJ faithfully adhered to her obligation, supported by substantial evidence, to determine any conflicts in the record that might weigh against a claimant's subjective statements, and the Court must defer to her finding. 20 C.F.R. § 404.1529(c)(4); see also Perry v. Comm'r of Soc. Sec., 734 F. App'x 335, 340 (6th Cir. 2018); Jones, 392 F. Supp. 3d at 838 (internal citations

and quotations omitted).

The Court also rejects DePrez's argument that the ALJ failed to adequately explain how his "activities supported or did not support any particular medical opinion." (Doc. No. 30 at 5). DePrez again conflates the ALJ's duty as required by law. The ALJ's role is to determine inconsistencies between a claimant's subjective allegations and the activities displayed on the record, not whether activities support a medical opinion. See Shepard v. Comm'r of Soc. Sec., 705 F. App'x 435, 440 (6th Cir. 2017). Here, the ALJ correctly employed that standard. (Doc. No. 23 at 26). Once again, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion," as DePrez desires. Buxton v. Halter, 246 F. 3d 762, 772 (6th Cir. 2001). Rather, the Court's responsibility on review is "limited to determining whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper legal standards." Shepard 705 F. App'x at 440 (internal citations omitted). Here, the ALJ's conclusions used the appropriate legal standard and were well-supported. (Doc. No. 23 at 21–26). The Court's job at this stage is not to disturb that judgment.

Accordingly, having thoroughly reviewed the record, relevant regulations, and case law, the Court concludes that the ALJ properly considered DePrez's subjective statements. DePrez's objection will be overruled.

### IV. CONCLUSION

For the foregoing reasons, the R&R (Doc. No. 29) is **APPROVED AND ADOPTED** and DePrez's objections are **OVERRULED**. DePrez's Motion for Judgment Upon the Administrative Record (Doc. No. 25) is **DENIED** and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter a final judgment in accordance with Federal Rule of Civil Procedure 58 and close this file.

8

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE